DANIEL G. HOFFA *v.* STATE OF INDIANA.

[No. 1077S766.  Filed October 26, 1977.]

*Robert L. Bauman, John R. Gambs, Heide, Gambs & Mucker,* of Lafayette, for appellant.

*Theodore L. Sendak,* Attorney General, *David L. Steiner,* Deputy Attorney General, for appellee.

HUNTER, J.—The defendant, Daniel G. Hoffa, was sentenced upon a plea of guilty to a robbery charge. The trial judge suspended his sentence and placed him on probation for a period of three (3) years subject to certain conditions contained in a formal probation agreement. Six (6) months later, Hoffa was arrested and charged with two (2) counts of unlawful dealing in a controlled substance. On March 31, 1976, the trial court conducted a probation revocation hearing, after which the trial court revoked Hoffa's probation. The Court of Appeals reversed, holding that an adjudication of guilt is a prerequisite to revocation. *Hoffa* v. *State,* (1977) Ind. App., 358 N.E.2d 753, following our case of *State ex rel. Gash* v. *Morgan Superior Court,* (1972) 258 Ind. 485, 283 N.E.2d 349. The state has petitioned to transfer.

The trial court's power to suspend a sentence and place a person on probation is governed by Ind. Code § 35-7-1-1 (Burns 1975) :

". . . whenever such court, in the exercise of its judgment and discretion, shall find and determine that such person has committed the offense for which he or she has been convicted under such circumstances as that, in the judgment of such court, such person should not suffer the penalty imposed by the law for such offense if he or she shall thereafter behave well, or whenever such court shall find and determine that by reason of the character of such person, or the facts and circumstances of such case, the interest of society does not demand or require that such person shall suffer the penalty imposed by law if he or she shall thereafter behave well. . . ."

The trial court is also given a broad discretionary authority to impose reasonable conditions on a defendant's probation. "The court placing a defendant on probation shall impose such conditions as it may deem best." Ind. Code § 35-7-2-1 (Burns 1975). Termination of probation is governed by Ind. Code § 35-7-2-2 (Burns 1975) which states in part:

"If it shall appear that the defendant has violated the terms of his probation or has been found guilty of having

committed another offense, the court may revoke the probation or the suspension of sentence and may impose any sentence which might originally have been imposed."

Summarized, these statutes authorize the suspension of a sentence, and a defendant may be placed on probation subject to the condition of "good behavior." The trial court may, in its discretion, impose other conditions. The trial court is authorized to revoke probation in two (2) circumstances:

1. When the defendant has violated the terms of his probation; or

2. When the defendant has been found guilty of committing another offense.

"Good behavior" or lawful conduct is a "term" or condition of a defendant's probation and violation of this term may result in the revocation of probation. It is not necessary that a criminal conviction precede revocation of probation for unlawful conduct; it is only necessary that the trial judge, after a hearing, finds such unlawful conduct to have occurred. If a conviction has preceded the revocation hearing, that conviction is prima facie evidence and will alone support the revocation of probation. To the extent that *Gash* and subsequent cases may be interpreted to the contrary, they are, to that extent, modified or overruled.

The state seeks to support the revocation because of a violation of the condition against arrest. An arrest standing alone does not support the revocation of a defendant's probation. However, in this case, the trial court on the basis of evidence submitted at a probation revocation hearing found that the arrest was reasonable and further found that there was probable cause for belief that the defendant had violated the criminal law of this state governing controlled substances, a clear violation of his probation agreement. The trial court heard sufficient evidence to support these findings and the revocation of probation. From the record before this Court,

we find that there were sufficient facts presented to support the trial court's revocation of defendant's probation and his commitment to the Department of Corrections.

In summation, our trial court's power to suspend the sentence and use probation is an important judicial tool in the administration of criminal justice. In order to preserve this power we must, therefore, impose only reasonable restrictions in its exercise. This becomes a matter of judicial necessity if we are to encourage the use of probationary authority as a *matter of grace* in the administration of justice.

For all the foregoing reasons, the transfer is granted and the trial court's judgment is affirmed.

Givan, C.J., and Pivarnik, J., concur.

Prentice, J., dissents with opinion in which DeBruler, J., concurs.

DISSENTING OPINION

PRENTICE, J.—I dissent and would deny the petition to transfer, which would result in the same determination of the case upon its merits.

The dicta regarding the modification or overruling of *State ex rel. Gash* v. *Morgan Superior Court,* (1972) 258 Ind. 485, 283 N.E.2d 349, is destabilizing. In that case we determined the legislative intent to have been to require a conviction as a condition precedent to a revocation of a suspended sentence when the condition allegedly violated was good behavior. We there held that the intent was clear from the use of the past tense. "* * * The reference, in past tense, to a finding of guilty precludes debate. * * *." That opinion was handed down May 25, 1972. Hoffa's revocation hearing was held nearly four years later. It appears reasonable that if we erred in our determination of the legislative intent, the Legislature itself had had ample time in the interim to speak. Although we have said many times that judicial error should be judi-

cially corrected, the wisdom of lawful legislative enactments is not our concern, and we should not overrule our prior interpretations of statutes merely because we have come to question the wisdom of such statutes.

DeBruler, J., concurs.

NOTE.—Reported at 368 N.E.2d 250.