486

Mitchell D. SANDY, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 34A02–8602–CR–53.

Court of Appeals of Indiana,
Third District.

Dec. 22, 1986.

Charles H. Scruggs, Kokomo, for appellant.

Linley E. Pearson Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

The defendant-appellant Mitchell D. Sandy was convicted of operating a vehicle while intoxicated, a Class A misdemeanor. He was sentenced to sixty days, which was suspended. Sandy is appealing the Howard County Court's decision to revoke his suspended sentence. The facts necessary for disposition of this appeal are comparatively simple.

On October 22, 1984 Sandy pleaded guilty to operating a vehicle while intoxicated. Accordingly, on November 28, 1984 the trial court entered a judgment, which, in pertinent part, is as follows:

> "Defendant appears in person for sentencing. State of Indiana appears by John T. Grimes, Deputy Prosecutor. Sister Imelda, Alcohol and Drug Services Program appears in person. The Court having examined presentence investigation and having considered same now sentences the defendant to sixty (60) days in the Howard County Jail, said sentence is suspended on the condition defendant has no further Alcohol related arrests in the next year and on the condition he attend and complete the Alcohol and Drug Services Program."

Almost eleven months later, on October 10, 1985, a person connected with the Howard County Alcohol and Drug Services Program filed a "Petition to Modify Suspended Sentence." This petition was essentially an affidavit stating that Sandy had been arrested for driving while intoxicated in neighboring Miami County. On the strength of the petition the trial court issued a subpoena and scheduled a hearing, which was ultimately held on February 4, 1986.

The hearing primarily consisted of argument on Sandy's motion to dismiss and of Sandy's objections to the proceedings. The trial court denied the motion, overruled the

objections and revoked the suspended sentence. The trial court then denied a request for an appeal bond and remanded Sandy to the Howard County Sheriff to serve the sixty-day sentence.

On appeal Sandy raises a number of issues, but only two need be discussed. These are:

(1) Was it error to revoke the suspended sixty-day sentence eleven months after the judgment?

(2) Was there sufficient evidence to sustain the revocation?

In Indiana suspension of sentences and the grant or denial of probation is exclusively governed by statute. *Thurman v. State* (1974), 162 Ind.App. 576, 320 N.E.2d 795, *reh. denied.* For misdemeanor convictions the controlling statute is, IND. CODE § 35–50–3–1 (1982) which reads:

"(a) The court may suspend any part of a sentence for a misdemeanor.

(b) Whenever the court suspends a sentence for a misdemeanor, it may place the person on probation under IC 35–7 for a fixed period of not more than one (1) year."

Thus, in sentencing a misdemeanant, the statute gives the trial court two alternatives to an executed sentence. The trial court may either suspend the sentence in whole or part, or suspend the sentence and place the defendant on probation for up to one year.

While the immediate impact of either alternative is the same to the convicted defendant, because either way the defendant avoids incarceration, there are critical distinctions. When a misdemeanant is placed on probation, the trial court, through its power to set conditions, retains the authority to control the defendant's behavior for up to one year. If the defendant violates a condition within the probation period, then probation can be revoked and the sentence executed. When the trial court merely suspends the sentence, the trial court can still place reasonable conditions on the defendant's continued liberty; however, the conditions and the trial court's power to revoke

the suspension evaporate at the end of the suspended sentence. Once the term of the underlying sentence has expired, the trial court no longer has authority to revoke the suspension. *Rode v. Baird, Sheriff* (1924), 196 Ind. 335, 144 N.E. 415, *reh. denied,* 196 Ind. 406, 148 N.E. 406.

In the present case, the trial court sentenced Sandy to sixty days in the county jail and suspended the sentence subject to his attending an alcohol program and subject to his having no alcohol related arrests for one year. This sentence was handed down November 28, 1984, and therefore the trial court lost its ability to revoke the suspended sentence at the end of January 1985. Clearly there was no authority to revoke Sandy's suspended sentence on February 4, 1986.

The issue discussed above is sufficient to mandate reversal; however the second issue also presents important questions that should be addressed. Sandy's second issue questions what quantum of evidence is required to support a revocation of a suspended sentence. The trial court revoked Sandy's suspended sentence because it found that he had been arrested in Miami County.

Despite the trial court's broad discretion in setting conditions on probation and suspended sentences, due process does not permit an arrest, standing alone, to support revocation of probation or a suspended sentence. *Hoffa v. State* (1977), 267 Ind. 133, 368 N.E.2d 250. To justify revocation, the trial court must conduct a hearing and find, by a preponderance of the evidence, that the arrest was reasonable and that there is probable cause to believe that the defendant has violated a criminal law. *Hoffa, supra; Boyd v. State* (1985), Ind.App., 481 N.E.2d 1124.

On February 4, 1986 the trial court conducted a hearing at which it heard arguments on the proposed revocation. At the hearing no witnesses were called and the only evidence before the court regarding Sandy's arrest was the affidavit submitted as part of the original "Motion to Modify Suspended Sentence." This affidavit sim-

ply stated that Sandy had been arrested for driving while intoxicated in Miami County. The record is clear that the affiant was not the arresting officer, nor was he associated with the Miami County judiciary. Therefore the allegation was not based on his personal knowledge and since it was inadmissible hearsay it could not support the trial court's action. Thus, on the basis of the hearing, there was effectively no evidence to support the revocation.

In its denial of Sandy's motion to correct errors the trial court said that it was taking judicial notice of the arrest and of the records of the Miami County Superior Court. The trial court attached copies of the Miami County records to its order. This action was improper and does not comply with the requirements for revocation of a suspended sentence.

Under normal circumstances, one court cannot take judicial notice of the records of another court in an unrelated matter. *Cf., Majko v. State* (1965), 246 Ind. 506, 207 N.E.2d 212; *Fletcher, etc., Trust Co. v. American State Bank* (1925), 196 Ind. 118, 147 N.E. 524 (a trial court cannot take judicial notice of its own records in a different case). In general, a trial court should be extremely cautious in taking judicial notice of facts which are easily proven by admissible evidence. *Fletcher, etc., Trust Co., supra.* This case clearly demonstrates the wisdom of this rule. A trial court simply cannot act as both judge and prosecutor. Moreover merely taking judicial notice of Sandy's arrest does not amount to the required determination that the arrest was reasonable, nor that there was probable cause to believe that Sandy had committed the offense. The trial court is reversed.

Reversed.

STATON, P.J., concurs.

GARRARD, J., concurs in result with opinion.

GARRARD, Judge, concurring.

I agree with the majority that the trial judge committed reversible error in failing to hold a probation revocation hearing. *See Szymenski v. State* (# 02A03–8603–CR–98, decided November 18, 1986).

I also agree with the legal distinction posed between placing a convicted person on a term of probation and merely imposing a suspended sentence on conditions. The order should have declared that a one year period of probation was being imposed.

On the other hand, that was obviously the court's intention since the judgment imposed a condition that was to apply "in the next year." Applying the authority of Appellate Rule 15(E) I would find this defect to be one of form and not ground for reversal except for the failure to conduct a hearing.

I therefore concur in result.