John O. GLEASON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 76A04–9308–CR–295.

Court of Appeals of Indiana,
Fourth District.

May 9, 1994.

James W. Burns, Public Defender, Angola, for appellant-defendant.

Pamela Carter, Atty. Gen., Dana A. Childress–Jones, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

CHEZEM, Judge.

### Case Summary

Appellant-defendant, John O. Gleason ("Gleason"), appeals from the revocation of his probation. We reverse.

### Issues

Gleason presents two issues for review, one of which is dispositive and restated as: Whether Gleason's probation was properly revoked for a violation that was not alleged in the petition to revoke probation.

### Facts and Procedural History

Gleason pleaded guilty to Child Molesting, a Class C felony, on November 7, 1984. The trial court accepted the plea and entered a judgment of conviction against Gleason. After receiving pre-sentence reports from the Steuben County Probation Department and the Indiana Department of Correction, the court sentenced Gleason to an eight (8) year suspended sentence and placed him on probation for eight (8) years. Among the terms

of Gleason's probation was: "1. You shall not violate any laws or ordinances."

On November 22, 1989, the probation department filed a Motion Seeking Revocation of Probation. The trial court held a revocation hearing, where Gleason was represented by counsel, on May 13, 1993. Following the presentation of evidence, the trial court revoked Gleason's probation and ordered him to serve the eight (8) year sentence, with a credit of eighty-seven (87) days already served. Gleason timely filed his praecipe for appeal on May 20, 1993.

### Discussion and Decision

Gleason contends the trial court erred by revoking his probation for a violation that was not alleged by the State in its Motion Seeking Revocation of Probation.

■ A defendant at a probation hearing does not possess the same rights he was endowed with prior to his conviction. However, there are certain due process rights which inure to a probationer at a revocation hearing. These include written notice of the claimed violations, disclosure of the evidence against him, an opportunity to be heard and present evidence, the right to confront and cross-examine adverse witnesses, and a neutral and detached hearing body. *Isaac v. State* (1992), Ind., 605 N.E.2d 144, 148, *cert. denied* —— U.S. ——, 113 S.Ct. 2373, 124 L.Ed.2d 278.

The motion to revoke Gleason's probation alleged that Gleason had violated the terms of his probation by:

> being arrested on a new offense from Branch County, Michigan. Mr. Gleason was arrested today on a warrant from Branch County for the offense of Child Abusive Commercial Activity, Cause # 89–01476–fy. This is a felony in Michigan, punishable with a term of up to twenty years in prison. This officer interviewed Mr. Gleason on 11–21–89, and Mr. Gleason said that he had continued to take nude picture (sic) of Jesse and Jon Cummings while he was on probation. He also said that although Jesse and Jon are now twenty years old, they may have been under

the age of eighteen when he was taking the nude pictures.

At the revocation hearing, the State presented evidence that Gleason had taken nude photographs of the boys, and also presented evidence that Gleason had been convicted of a felony in Michigan while on probation. Gleason argues that none of this evidence can support revocation of his probation. We agree.

■ The law is clear that being arrested for a crime is insufficient to revoke a defendant's probation. *Hoffa v. State* (1977), 267 Ind. 133, 368 N.E.2d 250, 252. There must either be proof at the revocation hearing that the defendant engaged in the alleged criminal conduct or proof of the conviction thereof. *Id.* The trial court stated in its specific finding that:

> In Indiana in quick review of the statutes dealing with child molestation or exploitation cases reveals that the age of a child, the maximum age of a child for which a sexual event may be considered an offense is 16, not 18. And so I think that Mr. Taylor is correct in that taking of nude photographs of 16, 17 or 18 year old boys is probably not a crime. It may be other types of crimes. Could be an obscenity type of crime. It could be child exploitation type of crime if the depiction was somebody that's supposed to have appeared younger than 16, but we don't have any evidence of that. But the evidence is certainly well beyond a preponderance that he was convicted of a felony in the State of Michigan, which felony occurred after he was on probation, or during the time of his probation, and it was a felony that was equivalent to a Class C felony in the State of Indiana.

■ The violation alleged in the petition to revoke probation was not a criminal offense, and as such, the trial court properly found that it could not be used to revoke Gleason's probation. The trial court instead revoked Gleason's probation because of his felony conviction while on probation. In most circumstances this would be proper because a criminal conviction is prima facie evidence of a violation and will alone support a revocation of probation. *Brown v. State*

(1983), Ind.App., 458 N.E.2d 245. However, the State's Motion Seeking Revocation of Probation did not notify Gleason that an alleged violation was the felony conviction in Michigan. The State's failure to give Gleason written notice of this claimed violation deprived Gleason of adequate due process. *Isaac,* 605 N.E.2d at 148. Therefore, the trial court erred in revoking Gleason's probation based on the felony conviction.

Reversed.

MILLER, and RILEY, JJ., concur.