**Frank D. ENGLAND, Jr., Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A05–9508–CR–308.

Court of Appeals of Indiana.

Sept. 10, 1996.

Rehearing Denied Dec. 5, 1996.

Transfer Denied Feb. 19, 1997.

Nancy L. Broyles, McClure, McClure & Kammen, Indianapolis, for Appellant–Defendant.

Pamela Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

BARTEAU, Judge.

Frank D. England appeals the revocation of his probation. Because we find that revocation of England's probation violated his right to due process of law, we reverse.

### FACTS

A notice of probation violation was filed on December 22, 1993. It alleged that England had tested positive for marijuana on three occasions, had failed to pay court assessments and had failed to comply with treatment objectives by continuing to use marijuana. At a March 8, 1994 hearing, England admitted the allegations and was found to be in violation of his probation. Disposition of the matter was continued until April 8, 1994. On that date, the court extended England's probation for one year and ordered that he perform one hundred hours of community service within ninety days, report to probation for a drug screen once a week and attend three AA or NA meetings a week. Three "compliance hearings" followed this adjudication. At a May 24, 1994 compliance hearing, the probation department reported that England was in substantial compliance but for the community service. At a July 8, 1994 compliance hearing, matters discussed were England's failure to complete all of his community service hours, his child support arrearage, and the lack of verification for attendance at AA meetings. Another compliance hearing was scheduled for August 16, 1994, but England failed to appear. At a September 20, 1994 compliance hearing, the trial court revoked England's probation. No petition to revoke probation was filed after the December 22, 1993 petition, which was resolved on April 8, 1994. And, England was not provided any written notice that revocation was sought or provided written notice of the violations claimed to support revocation of his probation.

■ "The Due Process Clause of the Fourteenth Amendment imposes procedural and substantive limits on the revocation of the conditional liberty created by probation." *Braxton v. State*, 651 N.E.2d 268, 269 (Ind. 1995), *reh'g denied*, (quoting *Black v. Romano*, 471 U.S. 606, 610, 105 S.Ct. 2254, 2257, 85 L.Ed.2d 636 (1985)). "Among the due pro-

cess rights to be accorded a probationer is written notice of the claimed probation violations." *Braxton*, 651 N.E.2d at 269 (citing *Romano*, 471 U.S. at 612, 105 S.Ct. at 2258; *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 1759–60, 36 L.Ed.2d 656 (1973); and *Isaac v. State*, 605 N.E.2d 144, 148 (Ind. 1992), *cert. denied*, 508 U.S. 922, 113 S.Ct. 2373, 124 L.Ed.2d 278 (1993)).

■ Prior to revocation of England's probation, a petition for revocation of probation had to be filed, Indiana Code section 35–38–2–3, and England had to be provided with written notice of the grounds supporting revocation. Because neither occurred here, revocation of England's probation violated due process.

The State argues that England waived this issue when he failed to raise an objection at trial. England contends that the error is fundamental. The State does not address England's fundamental error contention.

■ Generally, failure to preserve an issue properly for appeal results in waiver. *Randolph v. State*, 269 Ind. 31, 34, 378 N.E.2d 828, 831 (1978). "We will, however, remedy unpreserved errors where our failure to do so would render the trial unfair and violative of due process." *Greer v. State*, 643 N.E.2d 324 (Ind.1994). A fundamental principle of due process is that a defendant, or probationer, is entitled to notice of the charges lodged against him. In *Gleason v. State*, the trial court revoked Gleason's probation because Gleason was convicted of a crime in the State of Michigan while on probation. 634 N.E.2d 67, 68 (Ind.Ct.App. 1994). This court reversed the decision of the trial court because the State's Motion Seeking Revocation of Probation did not notify Gleason than an alleged violation was the felony conviction in Michigan. *Id.* at 69. We held that the State's failure to give Gleason written notice of this claimed violation deprived him of adequate due process. *Id.* Revoking England's probation with no notice of the alleged violations is likewise impermissible. Without notice, the defendant or probationer is not provided the opportunity to adequately prepare a defense to the charges and fundamental error results.

■ Further, in *Braxton* our supreme court determined that even though the purported notice of probation violation sent to Braxton was entitled "Notice of Violation of Suspended Sentence", it satisfied due process requirements. 651 N.E.2d at 270. In support of its determination, the court noted that the notice listed the alleged violations of Braxton's probation and that at the initial hearing Braxton was made aware that revocation was sought. *Id.* Our supreme court went on to comment that "Had the notice of Violation of Suspended Sentence not included the factual basis on which the State was seeking revocation of Braxton's probation, or had Braxton had no actual notice that it was revocation of her probation that the State was seeking, we might very well have concluded along with the Court of Appeals that Braxton did not receive the notice to which due process entitled her." *Id.* Unlike *Braxton*, in the case before us England did not know the factual basis upon which the State was seeking revocation nor did he have actual notice that revocation was sought. The failure to afford England the notice to which he was entitled was a fundamental denial of due process and therefore is not waived by England's failure to raise it at the trial level.

Reversed.

SHARPNACK, C.J., and FRIEDLANDER, J., concur.