**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 04 2012, 9:17 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**VALERIE K. BOOTS**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GREGORY HAYES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1109-CR-848 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Reuben B. Hill, Judge
Cause No. 49F18-0205-FD-119098

**April 4, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Gregory Hayes appeals the trial court's order revoking his probation following a hearing. Hayes presents three issues for review, but we address a single dispositive issue, namely, whether the evidence is sufficient to support the trial court's determination that Hayes violated the terms of his probation.

We reverse.

## FACTS AND PROCEDURAL HISTORY

On May 1, 2002, the State charged Hayes with auto theft, as a Class D felony; theft, as a Class D felony; resisting law enforcement, as a Class A misdemeanor; and disorderly conduct, as a Class B misdemeanor. On December 12, 2002, Hayes entered into a plea agreement under which he pleaded guilty to Class D felony auto theft and the State dismissed the remaining charges. The trial court sentenced Hayes to 730 days with 365 days executed, 365 days suspended, and 180 days supervised probation. One of the conditions of his probation provides: "You shall not commit a criminal offense and shall promptly report all arrests to your probation officer." Appellant's App. at 37.

On August 1, 2011, the Marion County Probation Department filed a notice of probation violation alleging that Hayes had violated the terms of his probation. Specifically, the Department alleged that Hayes had been arrested and charged with Class D felony and Class A misdemeanor battery and with Class B misdemeanor criminal recklessness in one cause and that he had been arrested and charged with Class A misdemeanor trafficking with an inmate in another cause. As a result, the trial court

2

issued a warrant for Hayes' arrest and ordered the trial court clerk to issue an order to appear for a hearing on the alleged violations on August 19.

Hayes appeared in person and by counsel at the August 19 hearing on the notice of probation violations. At the conclusion of the hearing, the court found that Hayes had violated conditions of his probation, revoked Hayes' probation, and ordered him to serve the sentences originally imposed. Hayes requested the court to reconsider that decision and, following a hearing on August 23, the court denied that request. Hayes now appeals.

## DISCUSSION AND DECISION

Probation is a matter of grace and a conditional liberty which is a favor, not a right. Cooper v. State, 917 N.E.2d 667, 671 (Ind. 2009) (citation omitted). The minimum requirements of due process that inure to a probationer at a revocation hearing include: (a) written notice of the claimed violations of probation; (b) disclosure of the evidence against him; (c) an opportunity to be heard and present evidence; (d) the right to confront and cross-examine adverse witnesses; and (e) a neutral and detached hearing body. Id. at 672 (citations omitted).

> A probation revocation proceeding is in the nature of a civil proceeding, and, therefore, the alleged violation need be proved only by a preponderance of the evidence. J.J.C. v. State, 792 N.E.2d 85, 88 (Ind. Ct. App. 2003). Violation of a single condition of probation is sufficient to revoke probation. Id. As with other sufficiency issues, we do not reweigh the evidence or judge the credibility of witnesses. Id. We look only to the evidence which supports the judgment and any reasonable inferences flowing therefrom. Id. If there is substantial evidence of probative value to support the trial court's decision that the probationer committed any violation, revocation of probation is appropriate. Id.

Richardson v. State, 890 N.E.2d 766, 768 (Ind. Ct. App. 2008) (citation omitted).

3

As our supreme court has explained, " '[a] person's probation may be revoked if the person has violated a condition of probation during the probationary period.' " Runyon v. State, 939 N.E.2d 613, 615 (Ind. 2010) (quoting Ind. Code § 35-38-2-3(a)(1)). The probationary period begins immediately after sentencing. See Crump v. State, 740 N.E.2d 564, 568 (Ind. Ct. App. 2000), trans. denied. "To obtain a revocation of probation, '[t]he [S]tate must prove the violation by a preponderance of the evidence.' " Id. at 615-16 (quoting Ind. Code § 35-38-2-3(e)).

Here, Hayes appeals the revocation of his probation, alleging that the evidence is insufficient to support the revocation of his probation. At the revocation hearing, the trial court listed the violations alleged by the State, namely, that Hayes had been charged in two cases with Class D felony and Class A misdemeanor battery and Class B misdemeanor criminal recklessness in one case and Class A misdemeanor trafficking with an inmate in another case. Defense counsel announced that the first case was set for a jury trial and that, according to Hayes, the case on the trafficking charge had been dismissed per Hayes. Defense counsel then asked to set a hearing after the jury trial date. The trial court responded: "The paper is turning brown on this. I would say that is indication that it is time to get this case over with." Transcript at 2. The trial court asked the probation department for a recommendation, and the department recommended revocation. The court then asked Hayes to stand and stated: "I find that you violated conditions of probation and revoke your probation. And I find so on the basis that you are now . . . have a felony case pending in Court 16." Id. at 3 (ellipsis in original).

4

This court has held that, "[d]espite the trial court's broad discretion in setting conditions on probation and suspended sentences, due process does not permit an arrest, standing alone, to support revocation of probation or a suspended sentence." Sandy v. State, 501 N.E.2d 486, 487 (Ind. Ct. App. 1986) (citing Hoffa v. State, 267 Ind. 133, 368 N.E.2d 250 (1977)). "To justify revocation, the trial court must conduct a hearing and find, by a preponderance of the evidence, that the arrest was reasonable and that there is probable cause to believe that the defendant has violated a criminal law."[1] Id. (citations omitted). The State did not meet that burden in this case. The State presented absolutely no evidence at the hearing regarding the reasonableness of the arrests or the facts underlying any of the three charges. A finding that Hayes had been arrested on other charges is by itself insufficient. See id. And even if the trial court had taken judicial notice under Evidence Rule 201 of records of Hayes' arrest or the charges against him, that would not have demonstrated the reasonableness of the arrest or show by a preponderance of the evidence that Hayes had committed any of the offenses charged. Therefore, we reverse the revocation of Hayes' probation.[2]

Reversed.

ROBB, C.J., and VAIDIK, J., concur.

---

[1] The State cites case law in support of its contention that the evidentiary standard in probation revocation proceedings is probable cause. As noted above, the correct standard is a preponderance of the evidence. See Heaton v. State, 959 N.E.2d 330, 333 n.2 (Ind. Ct. App. 2011) (noting that the probable cause standard in revocation proceedings is "out-of-date").

[2] Because we are reversing the revocation of probation, we need not consider Hayes' argument that he was denied due process because, aside from a boilerplate form, the trial court did not issue a written order indicating the evidence relied on and reasons for revoking probation. However, we observe that, although a written explanation of the trial court's reasons is preferred, the written transcript of the probation revocation proceeding will suffice where, as here, the trial court states its reasons for revoking probation on the record. See Clark v. State, 580 N.E.2d 708, 711 (Ind. Ct. App. 1991).