Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not
be regarded as precedent or cited
before any court except for the
purpose of establishing the defense of
res judicata, collateral estoppel, or the
law of the case.

ATTORNEY FOR APPELLANT:

**ZACHARY A. WITTE**
Locke & Witte
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

FILED
Nov 05 2012, 9:49 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MAURICE HIGGINS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1204-CR-189 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D05-1111-FD-1526

**November 5, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Maurice Higgins's probation was revoked and the trial court ordered that he serve the entirety of his previously-suspended sentence at the Department of Correction ("DOC"). Higgins appeals the trial court's disposition, arguing revocation of his probation and the order that he serve his entire suspended sentence at the DOC was an abuse of the trial court's discretion. Concluding the trial court did abuse its discretion, we reverse and remand.

## Facts and Procedural History

On December 1, 2011, Higgins entered a plea of guilty to invasion of privacy and was sentenced to one year and 183 days, all suspended to probation. One of the terms and conditions of his probation was that he maintain good behavior. In January of 2012, Higgins was arrested and charged with invasion of privacy. The State filed a petition to revoke his probation for violating the good behavior condition.

The 2012 invasion of privacy charge was tried to a jury, which found Higgins not guilty. Immediately following the verdict, the trial court, at the request of the parties, ruled on the probation revocation based on the evidence presented during trial. The trial court found that "[t]he Petition alleges on January 21st of this year you were arrested for Invasion of Privacy, a Class D Felony . . . . Based on the evidence that I've heard I would find by a preponderance of the evidence that you were in fact arrested for Invasion of Privacy. Order the suspended sentence revoked." Transcript at 94. In order to determine Higgins's eligibility for alternative sentencing, however, the trial court set the matter over for a hearing at a later date. On April 10, 2012, the parties again appeared in court and informed the trial court that Higgins had been denied for both home detention

2

and work release programs. Finding Higgins ineligible for alternative sentencing, the trial court ordered him committed to the DOC for one year and 183 days, with credit for pre-trial time served. Higgins now appeals this disposition.

Discussion and Decision

I. Standard of Review

Probation revocation is a two-step process. Alford v. State, 965 N.E.2d 133, 134 (Ind. Ct. App. 2012), trans. denied. First, the court must make a factual determination that a violation of a condition of probation has occurred. Id. Second, the trial court must determine if the violation warrants revocation of the probation. Ripps v. State, 968 N.E.2d 323, 326 (Ind. Ct. App. 2012). Upon revoking probation, the trial court may impose one of several sanctions provided by statute. Alford, 965 N.E.2d at 134; see also Ind. Code § 35-38-2-3(h). We review a trial court's sentencing decisions for probation violations for an abuse of discretion. Alford, 965 N.E.2d at 134. An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court. Id.

II. Violation of Probation

Higgins concedes "[t]here is no question that he was arrested for invasion of privacy." Brief of the Appellant at 10. However, he argues that the trial court abused its discretion in revoking his probation for this violation and/or ordering him to serve all of his suspended time at the DOC.

We acknowledge that the standard of proof for a finding of guilty is beyond a reasonable doubt and the standard of proof for a probation violation is preponderance of the evidence, and we have often stated that because of the lesser standard, a finding of

3

guilt is not a necessary precursor for a finding of a violation based on a new criminal offense. See Dokes v. State, 971 N.E.2d 178, 180-81 (Ind. Ct. App. 2012) ("Because of the difference between the burden of proof required to convict someone of a crime and the burden of proof required to revoke probation, the court could revoke probation after finding [defendant] not guilty based on the same evidence."). In Hoffa v. State, 267 Ind. 133, 368 N.E.2d 250 (1977), our supreme court noted that

> "[g]ood behavior" or lawful conduct is a "term" or condition of a defendant's probation and violation of this term may result in the revocation of probation. It is not necessary that a criminal conviction precede revocation of probation for unlawful conduct; it is only necessary that the trial judge, after a hearing, finds such unlawful conduct to have occurred.

Id. at 135, 368 N.E.2d at 252. The defendant in Hoffa was alleged to have violated the condition of his probation prohibiting arrest. Although "[a]n arrest standing alone does not support the revocation of a defendant's probation[,]" the trial court heard evidence at the probation revocation hearing from which it found that the arrest was reasonable and that there was probable cause to believe that the defendant had committed a crime, therefore supporting the revocation of the defendant's probation. Id. at 136, 368 N.E.2d at 252; see also Cooper v. State, 917 N.E.2d 667, 674 (Ind. 2009) ("The law is well settled that an arrest standing alone will not support the revocation of probation. However, . . . if the trial court after a hearing finds that the arrest was reasonable and there is probable cause to believe the defendant violated a criminal law, revocation will be sustained.") (citations omitted).

4

As in <u>Hoffa</u>, the sole allegation of the petition to revoke Higgins's probation was that he had been arrested for a new crime while on probation.[1] He was tried by a jury for that crime and found not guilty immediately prior to the trial court revoking his probation based upon the same evidence presented to the jury. However, unlike the trial court in <u>Hoffa</u>, the trial court here did not find that the evidence presented was sufficient to prove by a preponderance of the evidence that Higgins had in fact committed the crime of invasion of privacy or even that there was probable cause to support the arrest; the trial court found only that a preponderance of the evidence proved that he had "in fact [been] arrested" for that crime. Tr. at 94. We therefore agree with Higgins that his arrest was insufficient to support revocation of his probation and commitment to the DOC for the entirety of his previously-suspended sentence and the trial court abused its discretion in doing so.

While ordinarily Indiana Appellate Rule 65(E) would require certification of this opinion prior to action by the trial court, in equity and law, courts have the inherent authority to require immediate compliance with their orders and decrees in order to give effective relief. <u>See</u> <u>Noble Cnty. v. Rogers</u>, 745 N.E.2d 194, 198 (Ind. 2001); <u>State ex rel. Brubaker v. Pritchard</u>, 236 Ind. 222, 226-27, 138 N.E.2d 233, 235 (1956). Because Higgins has already served a substantial portion of his previously-suspended sentence which we have found to be in error, we direct the trial court to order Higgins's release forthwith.

---

[1] This is based upon the discussion between the parties and the trial court at the hearing; the actual petition to revoke probation is not a part of the record on appeal.

Conclusion

The trial court abused its discretion in revoking Higgins's probation and ordering him to serve the entirety of his previously-suspended sentence at the DOC based solely upon the fact of an arrest. The trial court's order is reversed and this case is remanded to the trial court to order Higgins's immediate release.

Reversed and remanded.

BAKER, J., and BRADFORD, J., concur.