**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**VICTORIA L. BAILEY**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL WALTON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1212-CR-1013 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable David M. Hooper, Master Commissioner
Cause No. 49F09-1207-FD-46596

**July 23, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

Michael Walton appeals the revocation of his community corrections placement. Concluding the evidence is insufficient to sustain the revocation, we reverse.

## ISSUES

Walton raises two issues for our review: (1) whether he was denied due process and (2) whether the evidence is sufficient to sustain the revocation.

## FACTS AND PROCEDURAL HISTORY

In October 2012, Walton pleaded guilty to Class D felony failure to register as a sex offender and was sentenced to 730 days to be served on home detention through community corrections. On November 16, 2012, the State filed a notice of community corrections violation, alleging two violations:

ALLEGATIONS:

Michael Ray Walton:

1. On 11/13/12 at 4:31 PM, the defendant's equipment registered a "strap tamper," "body tamper," and "transmitter tamper" alert, indicating the defendant's ankle transmitter may have been damaged or removed from his person.
2. failed to comply with his monetary obligation.

Appellant's App. p. 30. Additional information on the notice stated, "All attempts to contact the defendant have been unsuccessful. The defendant's current whereabouts are unknown." *Id.* The trial court issued a warrant, and Walton was thereafter taken into custody.

At a hearing on November 30, 2012, no evidence was presented on the allegation that Walton failed to comply with his monetary obligation. As to the alleged tampering,

2

Andrea Mosier testified that she "monitor[s] [defendants] on GPS and home detention." Tr. p. 6. Mosier said she was not the person who filed the violation but explained how the violation would have arisen:

> [T]he allegation in the violation was filed by our on call staff member so I was not actually the one to file this violation. The alert came through after business hours. So um, what would have happened is the on call officer would have um, been notified by the monitoring center of the alerts, the strap and body tampers. They would have then tried to contact the defendant um, after being unable to contact him or any emergency contact they would have had to file a violation.

*Id.* The court asked, "So you don't know what happened to the . . . equipment?" *Id.* at 7. Mosier responded, "I do not." *Id.*

Walton testified that he did not receive any calls and that he was not aware of any problems with his monitoring equipment until he was arrested on the warrant. When his attorney asked whether he had complied with community corrections rules up until the time of his arrest, Walton admitted that he had missed a meeting on November 21, 2012, and that he had left his house to visit his father at the hospital on November 27, 2012. However, he denied that he or anyone on his behalf tampered with his monitoring equipment.

The trial court found "that there was a tamper." *Id.* at 13. In determining Walton's sanction, the court noted his admissions that he had missed a meeting and had left his house to visit his father. It ordered Walton to serve his remaining sentence of 496

days, with 100 days in the Department of Correction and the remainder on home detention. Walton now appeals.[1]

## DISCUSSION AND DECISION

## I. DUE PROCESS

Walton contends the trial court violated his due process rights by revoking his placement based on violations not alleged by the State and for which he did not receive written notice. Specifically, he claims the court based the revocation on his admissions that he had missed a meeting and had left his house to visit his father.

A defendant facing revocation of a community corrections placement is entitled to several due process rights, including written notice of the claimed violations. *Cox v. State*, 706 N.E.2d 547, 549-50 (Ind. 1999); *see Gleason v. State*, 634 N.E.2d 67, 69 (Ind. Ct. App. 1994) (concluding defendant was deprived of adequate due process where State failed to provide written notice of violation on which probation revocation was based).

Here, however, the court revoked Walton's placement after finding "that there was a tamper," Tr. p. 13, which was clearly alleged in the notice of community corrections violation. We acknowledge the court then proceeded to discuss Walton's admissions to violations not alleged by the State, but those matters were proper considerations when determining the sanction to be imposed. Walton was not deprived of due process.

---

[1] Walton has already completed the portion of his sentence ordered executed at the Department of Correction.

4

## II. SUFFICIENCY OF THE EVIDENCE

Walton also contends the evidence is insufficient to sustain the revocation of his community corrections placement. We review the revocation of a community corrections placement in the same manner as a revocation of probation. *Cox*, 706 N.E.2d at 551. That is, a community corrections revocation hearing is civil in nature, and the State need only prove the alleged violations by a preponderance of the evidence. *Id.* We consider the evidence most favorable to the trial court's judgment without reweighing the evidence or judging the credibility of the witnesses. *Id.* We affirm the revocation if there is substantial evidence of probative value to support the trial court's conclusion that the defendant has violated any terms of the community corrections placement. *Id.*

The court found that Walton violated the conditions of his community corrections placement by tampering with his monitoring equipment. However, the State presented no evidence on this point. Instead, Mosier testified that she was not the person who filed the violation and did not know what happened to the equipment.

The State nonetheless argues that "admissible hearsay evidence established that community corrections did receive an alert that [Walton] had attempted to tamper with the strap and body of the monitoring device" when Mosier testified that an officer would have received a tampering alert, would have tried to contact the defendant, and would have filed a violation upon being unable to establish contact. Appellee's Br. p. 6. We disagree. Mosier gave no indication she was testifying about an out-of-court statement. Instead, her testimony, couched in terms of "what would have happened," merely explained in general terms how such an alleged violation is discovered and filed. Tr. p. 6.

5

She did not testify how the violation came to be filed in Walton's case and in fact stated she did not know what happened with Walton's monitoring equipment.

We therefore conclude the evidence is insufficient to sustain the revocation of Walton's community corrections placement. *See Johnson v. State*, 692 N.E.2d 485, 487 (Ind. Ct. App. 1998) (insufficient evidence to revoke probation for cocaine use where probation officer verified that allegation was that defendant had a positive screen, confirmed that a positive screen constituted a violation, but stated only generally that defendant had "some difficulty in regard to a drug screen that he received.").

<u>CONCLUSION</u>

Because the evidence is insufficient to sustain the revocation of Walton's community corrections placement, we reverse.

Reversed.

MAY, J., and BARNES, J., concur.