## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 30 2020, 10:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Tyler E. Burgauer
Muncie, Indiana

Samuel J. Beasley
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Angela Sanchez
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bryant L. Foust,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | March 30, 2020<br><br>Court of Appeals Case No.<br>19A-CR-1258<br><br>Appeal from the<br>Delaware Circuit Court<br><br>The Honorable<br>Thomas A. Cannon, Jr., Judge<br><br>Trial Court Cause No.<br>18C05-1207-FD-97 |

**Kirsch, Judge.**

[1] Bryant Foust ("Foust") appeals from the trial court's order that lifted the stay of a previously-imposed sentence. Foust raises one issue for our review, which we

restate as whether the trial court violated his right to due process when it revoked his stayed sentence for failing to comply with the conditions of the stay.

[2] We affirm.

## Facts and Procedural History

[3] On November 5, 2012, in underlying cause number 18C05-1207-FD-97 ("cause number FD-97"), Foust pleaded guilty to one count of operating a vehicle while intoxicated, as a Class D felony, and to an habitual substance offender enhancement. Foust was sentenced to an aggregate term of six years – three years for the operating while intoxicated count and an additional three years for the habitual substance offender enhancement. One year of the aggregate sentence was ordered executed in the Indiana Department of Correction ("DOC"), and the remaining five years were suspended to probation. *Appellant's App. Vol 2* at 50.

[4] While serving his probation under cause number FD-97, Foust was charged with Level 5 felony dealing in methamphetamine in an unrelated Delaware County case under cause number 18C03-1504-F5-8 ("cause number F5-8"). On September 28, 2015, he pleaded guilty to the dealing count, and on October 22, 2015, Foust was sentenced to four years executed in the DOC. *Ex.* at 44. The trial court recommended that Foust be placed in a DOC facility that provided purposeful incarceration through a therapeutic community. *Id.* Upon

successful completion of the program, he could file a petition to modify his sentence. *Id.*

[5] On June 5, 2015, the State filed under cause number FD-97 a petition to revoke Foust's probation. A fact-finding hearing was held on October 26, 2015, and Foust admitted the allegations contained in the petition. The trial court found that Foust had violated the terms of his probation and ordered him to serve the previously-suspended five-year portion of his sentence. The trial court then stayed the sentence, pending Foust's completion of the purposeful incarceration program ("PIP"), which he was ordered to participate in per the sentence he received in cause number F5-8. The trial court's sentencing order in cause number FD-97 reads (in relevant part) as follows:

> The [five] years previously ordered to be served on supervised probation is [sic] ordered executed to be served at the Indiana Department of Correction which [five-year] sentence is stayed pending [Foust]'s completion of his executed sentence of Purposeful Incarceration through the Indiana Department of Correction Therapeutic Communities Program under Cause No. [F5-8] and following a modification of [Foust]'s sentence in that cause[, Foust] would be required to complete the Delaware County Forensic Drug Program as the condition of said [five-year] stayed sentence. Upon successful completion of said Forensic Drug Program, the Court will modify [Foust]'s sentence herein and close this cause with [Foust] being released from further supervision hereunder.

*Appellant's App. Vol. 2* at 52.

[6]     In October 2015, Foust was transferred to the Indiana Youth Center correctional facility ("IYC"), where he became indoctrinated into the hate group known as the Aryan Brotherhood. Foust was referred to the therapeutic community substance abuse program on November 24, 2015. He began the program in March 2016 but was terminated less than one month later after receiving a disciplinary report for belonging to a "Security Threat Group ("SGT")[.]" *Tr.* at 15. Because of his involvement with an SGT, Foust was ineligible for a new referral to the program for six months following his violation. Foust received a second referral to the therapeutic community in March 2017, but he ultimately refused the program on his own volition.

[7]     While incarcerated, Foust's membership in the Aryan Brotherhood resulted in multiple disciplinary violations. He received at least ten conduct reports while housed at IYC for incidents including possession of a controlled substance, engaging in unauthorized financial transactions, disorderly conduct, and staff or offender provocation. On September 5, 2017, Foust received a second disciplinary report for belonging to an SGT. The next day, prison officials referred Foust for a second substance abuse assessment to determine his eligibility for therapeutic community programming, but Foust refused the assessment. At some point during his incarceration, Foust renounced his membership in the Aryan Brotherhood.

[8]     On September 11, 2017, Foust was transferred for disciplinary reasons to the Correctional Industrial Facility ("CIF"). At CIF, Foust met with his DOC caseworker who advised him that he would be referred to the therapeutic

community substance abuse program. For a third time, however, Foust declined the referral, requesting that he instead be removed from the referral list because his "[release] date was less than twelve months" away. *Id.* at 8. The caseworker noted in a report that Foust would "not have enough time remaining [in his sentence] to complete the program but [if he participated in the program nonetheless,] at least [he would] be on the right track of remaining sober." *Ex.* at 26; *Tr.* at 15, 39.

[9] Foust was released from prison on July 27, 2018, without successfully completing the therapeutic community substance abuse program. However, on July 24, 2018, three days before Foust's release date, the State filed a motion under cause number FD-97 to vacate Foust's stayed sentence. The State alleged that Foust failed to complete the required PIP for his sentence in cause number F5-8, and, thus, failed to comply with the trial court's October 26, 2015 sentencing order that was issued under cause number FD-97. *Appellant's App. Vol. 2* at 2.

[10] The trial court held a fact-finding hearing on the matter, following which the court determined that the State proved Foust violated a condition of his stayed sentence. After a separate dispositional hearing, the court lifted the stay and ordered Foust to serve the remainder of his previously-stayed five-year sentence in the DOC. Foust now appeals.

# Discussion and Decision

[11]    Foust argues that he was denied due process when the trial court lifted the stay of his previously-suspended sentence.  Foust maintains that the trial court ordered him to serve his previously-suspended sentence because the court determined "he failed to successfully complete a [PIP] on a sentence [issued in] another court[, i.e., F5-8], which program he was not ordered to successfully complete in order to maintain his stay." *Appellant's Br.* at 6.  Thus, according to Foust, he was "deprived due process of law." *Id.*

[12]    Although Foust claims that his due process rights have been violated, his argument on appeal, essentially, is that, at the time he was sentenced under cause number F5-8, he was not informed that the stay of the previously-suspended five-year sentence under cause number FD-97 was conditioned upon his successful completion of the PIP.  According to Foust, the stay of the previously-suspended sentenced was conditioned upon his *serving his executed sentence* under cause number F5-8, not his successful completion of the PIP.  We disagree and conclude that Foust was not denied due process because the conditions of the stay of his previously-suspended sentence were clearly set forth in the trial court's October 26, 2015 order, and he was informed of the conditions.

[13]    The trial court's October 26, 2015 sentencing order required Foust to complete "his executed sentence of Purposeful Incarceration through the [DOC] Therapeutic Communities Program[.]" *Appellant's App. Vol. 2* at 52.  Following

the modification of that sentence, Foust would then be required to complete the Delaware County Forensic Drug Program, "as the condition of said [five-year] stayed sentence." *Id.* Upon the successful completion of the drug program, the trial court would then "modify [Foust]'s sentence herein and close this cause with [Foust] being released from further supervision hereunder." *Id.*

[14] Foust refused to complete the PIP, which failure resulted in his being denied participation in the Delaware County drug program. As the trial court noted at sentencing (under cause number FD-97), "[T]hose two things were all conditions of the sentencing order dated October 26, 2015[,] the consideration of which was the stayed executed sentence. So, you have breached the bargain, Mr. Foust[.]" *Tr.* at 58.[1]

[15] When the trial court merely suspends a sentence, the court can still place reasonable conditions on the defendant's continued liberty. *Sandy v. State*, 501 N.E.2d 486, 487 (Ind. Ct. App. 1986). Here, the trial court's sentencing order was clear; Foust was well aware of the conditions of the stay of his previously-suspended sentence, and he failed to comply with the conditions. Accordingly, his right to due process was not violated when the trial court lifted the stay and ordered him to serve his previously-suspended sentence.

[16] Affirmed.

---

[1] We note that, at sentencing, the trial court recommended that Foust be placed in a therapeutic community program while serving his five-year executed sentence.

Bailey, J., and Mathias, J., concur.