# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**JOSEPH M. CLEARY**
Collignon & Dietrick
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

FILED
Apr 05 2012, 8:55 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSHUA ALFORD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1109-CR-816 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Grant W. Hawkins, Judge
Cause No. 49G05-1004-FC-33630

**April 5, 2012**

**OPINION - FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

Joshua Alford appeals the revocation of his probation and the trial court's order that he serve the remaining 309 days of his previously suspended sentence in the Indiana Department of Correction. He contends that the trial court abused its discretion by finding this his conduct violated the no-contact order that applied to his father, specifically that his false review of his father's cleaning company to Angie's List did not constitute contact. Because we determine that this behavior does constitute contact, we affirm.

## Facts and Procedural History

On April 29, 2010, the State charged Alford with two counts of Class C felony child molesting and later added a charge of Class D felony criminal confinement. The trial court also issued a no-contact order on April 29, prohibiting Alford from contacting the victim, his daughter, or her mother, his wife, "in person, by telephone or letter, through an intermediary, or in any way, directly or indirectly, except through an attorney of record . . . . This includes, but is not limited to, acts of harassment . . . ." Appellee's App. p. 1. After a hearing on May 21, 2010, the no-contact order was extended to include Alford's father, Jim, to the list of people that Alford could not contact due to Jim's involvement in the custody dispute that arose out of this incident.

In January 2011, Alford pled guilty under a combined plea agreement to Class D felony criminal confinement and Class A misdemeanor domestic battery under another cause number. He was sentenced to concurrent suspended sentences of 887 days for each conviction, with 268 days of credit time and 365 days of probation. As a special

condition of probation, the trial court continued the no-contact order for several individuals, including Alford's father, Jim.

On July 28, 2011, the State filed a notice of probation violation alleging that Alford had violated the no-contact order by submitting a false report to Angie's List about his father's cleaning business that said, "They did a good job cleaning, but they stole my wife's diamond earrings." Appellant's App. p. 66. At the probation-revocation hearing, Alford admitted to sending the false report but denied that it violated the no-contact order because he did not have direct contact with his father. The trial court disagreed, stating that "The acts of the defendant could have no goal other than to bring distress to a protected person because of his involvement in the prosecution . . . ." Tr. p. 5. The trial court ordered Alford to serve the remaining 309 days of his suspended sentence. *Id.* at 9.

Alford now appeals.

### Discussion and Decision

Alford contends that there was insufficient evidence for the trial court to revoke his probation, specifically that his actions did not constitute a violation of the no-contact order. We disagree.

Probation revocation is a two-step process. *Cox v. State*, 850 N.E.2d 485, 488 (Ind. Ct. App. 2006). First, the court must make a factual determination that a violation of a condition of probation has occurred. *Id.* When a probationer admits to the violation, the court can proceed to the second step of the inquiry and determine whether the

violation warrants revocation. *Id.* At this step, the probationer must be given an opportunity to present evidence that explains and mitigates his violation. *Id.*

Upon the revocation of probation, a trial court may impose one or more of the following sanctions: (1) continue the person on probation, with or without modifying or enlarging the conditions; (2) extend the person's probationary period for not more than one year beyond the original probationary period; (3) order execution on all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(g). We review a trial court's sentencing decisions for probation violations for an abuse of discretion. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

> We defined "contact" in *Wright v. State* as
>
> "establishing of communication with someone" or "to get in communication with." Webster's Dictionary 249 (10th ed. 1993). Communication occurs when a person makes something known or transmits information to another. *Ajabu v. State*, 677 N.E.2d 1035, 1042 (Ind. Ct. App. 1997), *trans. denied*. Further, communication *may be either direct or indirect and is not limited by the means in which it is made known to another person. Id.*

688 N.E.2d 224, 226 (Ind. Ct. App. 1997) (emphasis added). Alford's contact with Jim was indirect and not immediately known by Jim; however, it was contact nonetheless. Alford used Angie's List as an intermediary through which to communicate with Jim in an effort to harass him, in direct violation of the no-contact order that was a condition of his probation.

4

Alford also contends that the no-contact order was not sufficiently clear, arguing that he was not informed that contacting a third party about his father would result in a violation. Conditions of probation must be sufficiently clear that they "describe with clarity and particularity the misconduct that will result in penal consequences . . . ." *Hunter v. State*, 883 N.E.2d 1161, 1163 (Ind. 2008). Alford argues that he was not aware that contacting a third party about his father's business would result in a violation. We are not persuaded by this argument. The no-contact order specifically stated that Alford was to have no contact with Jim directly, indirectly, or through an intermediary and that included acts of harassment. Alford was on notice that his false report to Angie's List would be a violation of the no-contact order. We therefore affirm the trial court's revocation of Alford's probation and the order that he serve the remaining 309 days of his previously suspended sentence in the Indiana Department of Correction.

Affirmed.

CRONE, J., and BRADFORD, J., concur.