**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 06 2012, 8:56 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DAVID M. PAYNE**
Ryan & Payne
Marion, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW A. KOBE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

ANDRA DOSSEY, )
)
    Appellant-Defendant, )
)
        vs. )    No. 27A04-1204-CR-175
)
STATE OF INDIANA, )
)
    Appellee-Plaintiff. )

APPEAL FROM THE GRANT SUPERIOR COURT
The Honorable Jeffrey D. Todd, Judge
Cause No. 27D01-1006-FD-126

**December 6, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

Case Summary and Issue

Andra Dossey pleaded guilty to intimidation and was sentenced to two years, with six months executed and the remainder to be served on probation. Dossey's probation was subsequently revoked and he was ordered to serve his entire previously-suspended sentence. Dossey appeals the sentence, raising the sole issue of whether the trial court abused its discretion in sentencing him. Concluding the trial court did not abuse its discretion, we affirm.

Facts and Procedural History

Dossey was charged in 2010 with intimidation, a Class D felony, and public intoxication, a Class B misdemeanor. On October 8, 2010, Dossey entered a plea of guilty to intimidation, the State dismissed the public intoxication charge, and the trial court sentenced Dossey to two years at the Department of Correction, with one and one-half years suspended to supervised probation under the standard terms and conditions. Due to time spent in pre-trial confinement, Dossey began serving his probation immediately.

On October 25, 2010, the State filed a petition for revocation of Dossey's probation, alleging that he had been arrested on October 21, 2010, and charged with public intoxication and intimidation. He admitted the violation and pursuant to an agreement between Dossey and the State, the trial court ordered his probation to be modified and the eighteen-month period of probation restarted as of the date of the order, February 16, 2011. On October 26, 2011, the State filed a second petition for revocation of Dossey's probation, alleging he had been arrested on October 22, 2011, and charged with public intoxication. The petition was amended on October 28, 2011, to allege

Dossey had again been arrested on October 25, 2011, and charged with public intoxication. Again, Dossey admitted the violations, and again, pursuant to an agreement between Dossey and the State, the trial court ordered Dossey's eighteen-month period of supervised probation be modified to restart as of the date of the order, November 21, 2011.

On March 1, 2012, the State filed the instant petition for revocation of Dossey's probation, alleging that Dossey had been arrested on February 28, 2012, and charged with resisting law enforcement and public intoxication in violation of the terms of his probation. Dossey admitted the violation, and on March 19, 2012, the trial court revoked his probation and ordered that he "serve eighteen (18) months of his previously suspended sentence. Upon completion of the executed sentence imposed, [Dossey's] sentence shall be deemed complete and [his] probation shall be terminated." Appellant's Appendix at 105. Dossey now appeals his sentence.

Discussion and Decision

I.  Standard of Review

Probation revocation is a two-step process. Alford v. State, 965 N.E.2d 133, 134 (Ind. Ct. App. 2012), trans. denied. First, the court must make a factual determination that a violation of a condition of probation has occurred. Id. Second, the trial court must determine if the violation warrants revocation of the probation. Ripps v. State, 968 N.E.2d 323, 326 (Ind. Ct. App. 2012). Upon revoking probation, the trial court may impose one of several sanctions provided by statute, including ordering "execution of all or part of the sentence that was suspended at the time of initial sentencing." Ind. Code § 35-38-2-3(h)(3). We review a trial court's sentencing decisions for probation violations

3

for an abuse of discretion.  Alford, 965 N.E.2d at 135.  An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court.  Id.

## II.  Sentence for Probation Violation

Dossey contends the trial court abused its discretion in sentencing him to serve his entire previously-suspended sentence as a sanction for violating the conditions of his probation.[1]  Dossey points out that he has an alcohol dependency and that all of his violations stem from his alcoholism.  He concedes he should serve some executed time due to his repeated violations, but believes "something short of the maximum should have been imposed."  Appellant's Brief at 18.

We acknowledge, as the trial court did, that Dossey has an addiction to alcohol. See Transcript at 128 (trial court stating, "Here I've got the third probation violation in essentially a, a one year period.  Uh, a continuation of the same behavior that we've seen in the past . . . .  Weighing against that is the fact that this is an alcohol related offense. I'm not a big proponent of simply locking people up who have an alcohol problem.").  In January 2011, when Dossey appeared in court regarding his first probation violation and was granted additional time on probation rather than being ordered to serve any executed time, he stated alcohol was a problem for him and that he had gone to a "few classes." Id. at 75.  When the trial court asked if he thought he needed treatment, he responded: "Not any more.  Nah.  Since, since, since this here I feel like I done got to the age now

---

[1]  Dossey also contends the sentence is inappropriate pursuant to Indiana Appellate Rule 7(B).  However, Rule 7(B) is not applicable to probation revocations because "[a] trial court's action in a post-sentence probation violation proceeding is not a criminal sentence as contemplated by the rule."  Jones v. State, 885 N.E.2d 1286, 1290 (Ind. 2008).  Although Dossey attempts to distinguish his case from the Jones decision, we are bound by the decisions of our supreme court and are not at liberty to revisit this issue.  See Terry v. State, 857 N.E.2d 396, 409 (Ind. Ct. App. 2006), trans. denied.

4

that it's time to stop a lot of the things that I've been doing." Id. When the trial court asked him if he was determined to make a change, he replied that he was. Nonetheless, Dossey reoffended before the end of the year, being arrested two times in three days for public intoxication. Again, Dossey's probation was modified and he avoided any executed time.

Within four months, Dossey was again arrested for public intoxication and resisting law enforcement, the event precipitating this most recent probation violation proceeding. At the probation revocation hearing, Dossey admitted the violation, but there was no agreement as to disposition. Dossey testified that since he had last been in court, he had begun residential treatment where he went to Alcoholics Anonymous meetings three times a week. He was there for a month and a half but was then suspended from the program for a curfew violation. After being suspended, he missed a probation appointment and within two weeks, was arrested for an alcohol-related offense. Dossey asked the trial court extend his probation by a year because he was taking classes at Ivy Tech and he was eligible to return to residential treatment: "I know the most important thing is for me to get this schooling, you know. Get it right. I'm too old to keep on doing the things that I'm doing. It's just time." Id. at 119-20.

Alcoholism may be an illness, as Dossey states, but he has had numerous opportunities to seek treatment to address that illness and has failed to take advantage of them. In court in January 2011, Dossey stated that it was time he stop doing the destructive things he was doing and the trial court extended his probation to allow him the chance to turn his life in a positive direction; a year later, he appeared in court for the second time since making that statement, still professing to be ready to make a change,

but without having demonstrated any capacity to do so. In the sixteen months Dossey was on probation prior to this disposition, he was arrested four times and was making his third appearance in court for a probation violation. It was not an abuse of the trial court's discretion to determine that probation was no longer a viable alternative for Dossey and that incarceration for the remainder of his sentence, during which time he will not have access to alcohol but will have access to some treatment programs, is the appropriate disposition for his most recent probation violation.

## Conclusion

The trial court did not abuse its discretion in ordering Dossey to serve his entire previously-suspended sentence upon revoking his probation. The judgment of the trial court is affirmed.

Affirmed.

MAY, J., and PYLE, J., concur.