**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**WILLIAM S. FRANKEL, IV**
Wilkinson, Goeller, Modesitt,
Wilkinson & Drummy, LLP
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

FILED

Dec 27 2012, 9:43 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERT J. PEARSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 84A04-1204-CR-221 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable David R. Bolk, Judge
Cause Nos. 84D03-1007-FB-2427 and 84D03-1008-FC-2744

**December 27, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Robert J. Pearson appeals the trial court's revocation of his probation. The sole issue presented for our review is whether the trial court abused its discretion when it revoked Pearson's probation and ordered him to execute the balance of his suspended sentence. Finding no abuse of discretion, we affirm.

**Facts and Procedural History**

On February 3, 2011, Pearson pled guilty to class C felony battery resulting in serious bodily injury in cause number 84D03-1008-FC-2744. On July 26, 2011, the trial court sentenced Pearson to a two-year suspended sentence to be served consecutively to Pearson's two-year suspended sentence entered on his conviction for class B felony battery by means of a deadly weapon in cause number 84D03-1007-FB-2427.[1] Pearson's suspended sentences were ordered to be served on probation.

On November 1, 2011, Pearson tested positive for marijuana following a urinalysis conducted by Vigo County Community Corrections. Then, on November 5, 2011, Terre Haute Police Officer Rob Pitts observed a vehicle driven by Pearson speeding and changing lanes without signaling. As Officer Pitts and another officer initiated a traffic stop of the vehicle, the other officer saw Pearson put something into his pants pocket. Officer Pitts had Pearson exit the vehicle and conducted a pat-down search. Inside Pearson's pocket, officers found small baggies of a "rock-like" substance that later field tested positive for cocaine. Tr.

---

[1] We note that although the revocation of probation applies to Pearson's sentences on two convictions, Pearson failed to include in his appendix the chronological case summary from cause number 84D03-1007-FB-2427.

2

at 3. Officer Pitts also discovered that Pearson had never been licensed to operate a vehicle in Indiana. The officers arrested Pearson. During a subsequent inventory search of the vehicle, officers found a .22 caliber handgun "right under the very front of the driver's seat." *Id*. at 4.

On November 10, 2011, the State filed a notice of probation violation alleging that Pearson had violated the terms of his probation, first by testing positive for marijuana and second by being arrested on a new offense. Following an evidentiary hearing, on March 29, 2012, the trial court entered its order revoking Pearson's probation. The trial court ordered Pearson to serve the remainder of his previously suspended sentences, resulting in consecutive executed sentences of two years for his class B felony conviction and nine months and twenty-seven days for his class C felony conviction. This appeal ensued.

**Discussion and Decision**

Probation revocation is a two-step process. *Alford v. State*, 965 N.E.2d 133, 134 (Ind. Ct. App. 2012), *trans. denied*. First, the trial court must make a factual determination that a violation of a condition of probation has occurred. *Id.* The second step of the inquiry is a determination as to whether the violation warrants revocation. *Id*. It is well settled that violation of a single condition of probation is sufficient to revoke probation. *Wilson v. State*, 708 N.E.2d 32, 34 (Ind. Ct. App. 1999). Upon revoking probation, the trial court may impose one of several statutory sanctions, including ordering the defendant to execute all or part of the sentence that was suspended at the time of initial sentencing. *See* Ind. Code § 35-38-2-3(h). We review a trial court's sentencing decisions for probation violations for an

abuse of discretion. *Alford*, 965 N.E.2d at 124. An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court. *Id*.

Pearson admits that he violated the conditions of his probation. He challenges only the trial court's decision to revoke his probation and order him to execute his suspended sentence. The record indicates that Pearson not only used marijuana, but he was also found in possession of a dangerous firearm and narcotics a few months after being placed on probation. This is especially egregious in light of the fact that he was serving probation for two violent felonies. Accordingly, we cannot say that the trial court's decision to revoke Pearson's probation and order him to execute the balance of his previously suspended sentences is clearly against the logic and effect of the facts and circumstances before the court. The trial court did not abuse its discretion.

Affirmed.

KIRSCH, J., and MATHIAS, J., concur.