**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 01 2013, 5:28 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Special Assistant to the State Public Defender
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

WARREN E. LARGE,         )
         )
    Appellant-Defendant,         )
         )
        vs.         )     No. 84A01-1303-CR-133
         )
STATE OF INDIANA,         )
         )
    Appellee-Plaintiff.         )

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable David R. Bolk, Judge
Cause No. 84D03-1008-FC-2873

**October 1, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Warren Large pleaded guilty in 2011 to one count of Class C felony child molesting and was sentenced to four years, three executed and one suspended to probation. In 2013, he was found to have violated his probation and was ordered to serve the entirety of his previously-suspended sentence. Large now appeals, raising the sole issue of whether the trial court abused its discretion in sentencing Large for the probation violation. Concluding the trial court did not abuse its discretion, we affirm.

## Facts and Procedural History

Large was accused in 2010 of child molesting with respect to a six-year-old child related to his wife. He pleaded guilty to child molesting as a Class C felony, and pursuant to the terms of the plea, was sentenced to the Department of Correction for four years, with three years to be executed and one year to be suspended to formal probation, the conditions of which included that he report to the probation office on or before the first day of each month and have no contact with children under the age of sixteen.

Large was released to probation in early 2012. On January 29, 2013, a notice of probation violation was filed alleging that Large had failed to report to the probation office as ordered in December and had contact with a child under sixteen years of age. Large was arrested on January 31, 2013, and held in jail until the fact-finding hearing on February 28, 2013. Prior to the start of the hearing, counsel conferred with the trial court, after which the trial court stated:

> My understanding is that instead of having a probation violation hearing today Mr. Large, you're gonna admit that you violated the terms of your probation; . . . you're gonna be sentenced to time served on this [probation violation]; your probation will be enlarged for one (1) year, extended for one (1) year; . . . [t]hat you're gonna abide by all of the additional terms of

2

probation that are contained in the Indiana Recommended Special Probation Conditions for Adult Sex Offenders . . . .

Transcript at 4-5. Large concurred that was the agreement that had been reached. The trial court then asked Large the following questions:

Court:        . . . So Mr. Large, do you admit or deny that you violated the terms of your probation?

Large:        I admit, I did.

Court:        And specifically the allegation was that you had failed to report, and that you had unsupervised contact with someone under sixteen (16).

Large:        No.

Court:        You did not?

Large:        I did not your Honor, under sixteen (16). I violated my probation, only had one (1) month to go, but I have not seen anyone under sixteen (16) . . . .

Id. at 5-6. The trial court then instructed the State to call its first witness.

Anthony Heber, Large's probation officer, testified that Large failed to report in December 2012 and January 2013, and that he had not contacted the probation office between the date of his last missed appointment and his arrest. Edith Wentz, manager at a motel where Large had been staying prior to his arrest, testified that she witnessed an incident in the motel's reception area where Large spoke to the son of the motel's maintenance man, whom she knew to be only fifteen years old. Large asked the boy if he still lived down the road, and Wentz told Large not to talk to the boy and to leave the area. At the conclusion of the testimony, the trial court stated:

. . . I'm gonna find that Mr. Large violated the terms of his probation. I think it's, may be a closer call on the, whether or not it's an unsupervised contact with an under sixteen (16) year old, but he clearly violated by not contacting and communicating with his probation officer for two (2) consecutive months. I'm finding that he's violated the terms of his probation. I'll just find it on that issue solely, to make the record clear.

3

Id. at 14. The State recommended revocation of Large's probation and execution of the entirety of his previously-suspended sentence. Large's counsel requested that he be returned to probation: "He only missed two (2) [appointments]. Had we not had the accusations of contact with a child under the age of sixteen (16), I don't think we would have been here, and Mr. Large would be restored to probation after time served in jail." Id. at 15. The trial court ordered Large to serve the balance of his one-year suspended sentence, with credit for time served since his arrest on the probation violation. Large now appeals this sentence.

## Discussion and Decision

### I. Standard of Review

"Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). Once a trial court has exercised its grace by ordering probation, it has considerable leeway in deciding how to proceed. Id. "If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." Id. We therefore review a trial court's sentencing decision in a probation revocation proceeding for an abuse of discretion. Alford v. State, 965 N.E.2d 133, 134 (Ind. Ct. App. 2012), trans. denied. "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances." Id. If a defendant is found to have violated his or her probation, a trial court may (1) continue the defendant on probation; (2) extend the probationary period for not more than one year beyond the original period; and/or (3) order all or part of a previously suspended sentence to be executed. Ind. Code § 35-38-2-3(h).

## II. Sanction for Probation Violation

Large does not challenge the trial court's decision to revoke his probation; he challenges only the sentence the trial court imposed. His argument is essentially that he received a more severe sentence for putting the State to its proof. When all parties thought Large was going to admit to the two alleged violations, the recommended sanction was an extended probationary period; when Large would not admit he had violated the no-contact condition of his probation and there was instead an evidentiary hearing, at the conclusion of which the trial court found specifically a violation only for failure to report, he received a stiffer sanction. Large argues this was an abuse of the trial court's discretion.

The trial court specifically found that Large had violated only the reporting condition of his probation,[1] but the evidence also supports a finding that Large had contact with a person under the age of sixteen. The trial court alluded to that, but called it a "closer call" as to whether it was an "unsupervised contact." Tr. at 14. The probationary condition at issue, however, was that Large would have "NO CONTACT with children under the age of 16 years," unsupervised or otherwise. Appellant's Appendix at 33. Large offered no explanation for his failure to report to his probation officer. In fact, he stated that he knew he only had one month to go and he was "not quite sure why [he] didn't report to probation." Tr. at 16. Large was not "penalized for refusing to tell what he believed was a lie under oath." Brief of the Appellant at 5. The

---

[1] Large and the State disagree about whether Large admitted to violating this condition of his probation. He generally admitted to violating the terms of his probation, but then backtracked only on the no-contact provision when the trial court specified the allegations to which he was admitting. We still consider his original statement an admission that he violated the reporting condition. Regardless, the State presented evidence supporting both allegations.

5

trial court heard the State's evidence and Large's explanation or lack thereof for his actions, and determined that serving his previously-suspended sentence was the appropriate sanction for his conduct. We decline to find the trial court's decision to require Large to serve his one-year suspended sentence to be an abuse of discretion.

## Conclusion

The trial court did not abuse its discretion by ordering that Large serve his previously-suspended sentence for violating the terms of his probation. The judgment of the trial court is affirmed.

Affirmed.

RILEY, J., and KIRSCH, J., concur.