**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 27 2013, 5:37 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW J. McGOVERN**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KASI BALLEW, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 22A01-1303-CR-141 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE FLOYD SUPERIOR COURT
The Honorable Maria D. Granger, Judge
Cause No. 22D03-1003-FB-622

**November 27, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Kasi Ballew appeals the trial court's revocation of her probation. The sole issue presented for our review is whether the trial court abused its discretion when it revoked Ballew's probation and ordered her to execute four years of her previously suspended sentence. Finding no abuse of discretion, we affirm.

**Facts and Procedural History**

On March 12, 2010, the State charged Ballew with class B felony dealing in a schedule II controlled substance. Ballew pled guilty to that offense, and the trial court accepted her plea on August 10, 2010. The trial court subsequently imposed the advisory ten-year sentence with five years suspended to probation. Ballew appealed her sentence, and another panel of this Court affirmed that sentence by memorandum decision. *See Ballew v. State*, No. 22A04-1008-CR-555 (Ind. Ct. App. June 17, 2011).

On August 16, 2011, the trial court placed Ballew in a community transition program. Thereafter, on June 25, 2012, the State filed a notice of probation violation against Ballew followed by a petition to revoke probation. The State filed an amended petition to revoke probation on January 7, 2013, alleging the following ten probation violations: (1) failure to maintain good behavior; (2) violation of a state or federal law due to being charged with another crime in cause number 22D03-1206-FD-1261; (3) failure to undergo drug and alcohol counseling as ordered by the trial court; (4) failure to attend and/or reside in the halfway house; (5) failure to undergo counseling as ordered by probation; (6) failure to comply with day reporting; (7) use of alcohol and/or a controlled substance not prescribed by

2

a physician; (8) failure to work faithfully or pursue a course of study; (9) associating with criminals; (10) failure to pay delinquent probationer fees. Appellant's App. at 106.

Following an evidentiary hearing held on February 25, 2013, the trial court concluded that the State established by a preponderance of the evidence that Ballew had violated several conditions of her probation. Specifically, the court concluded that Ballew used a controlled substance without a prescription based upon evidence that she failed drug screens and presented a diluted drug screen to her probation officer. The court also concluded that Ballew refused to reside at a halfway house as ordered by the court as a condition of her probation. Ballew failed to undergo drug and alcohol counseling as ordered by both the court and her probation officer, and she failed to report to the day reporting program, which was a condition of her pre-hearing release on the petition to revoke probation. Finally, Ballew was charged with another criminal offense while on probation after she and her boyfriend were arrested in a house where controlled substances, hypodermic needles, and other drug paraphernalia were present.

Based upon the evidence presented, the trial court concluded:

Defendant's actions demonstrate that she will not submit to rehabilitation and accept responsibility for compliance with the supervision and terms of probation ordered by this Court. The defendant's attitude and actions indicate an unwillingness to submit to the authority of this court and a willful failure to participate in her own rehabilitation, treatment and sobriety without commitment to a penal facility. The defendant's actions further indicate her unwillingness to appreciate the consequences that result in not following the law. The defendant's violations of probation are of a nature that requires the majority of the remainder of her probation be revoked. The objectives of justice and protection of the community will not be met if the defendant were to continue probation.

*Id.* at 113. Consequently, the trial court revoked Ballew's probation and ordered her to execute four of the five years of her previously suspended sentence. This appeal ensued.

**Discussion and Decision**

Probation revocation is a two-step process. *Alford v. State*, 965 N.E.2d 133, 134 (Ind. Ct. App. 2012), *trans. denied*. First, the trial court must make a factual determination that a violation of a condition of probation has occurred. *Id.* Second, the trial court must make a determination as to whether the violation warrants revocation. *Id.* It is well settled that violation of a single condition of probation is sufficient to revoke probation. *Wilson v. State*, 708 N.E.2d 32, 34 (Ind. Ct. App. 1999). Upon revoking probation, the trial court may impose one of several statutory sanctions, including ordering the defendant to execute all or part of the sentence that was suspended at the time of sentencing. *See* Ind. Code § 35-38-2-3(h). We review a trial court's sentencing decisions for probation violations for an abuse of discretion. *Alford*, 965 N.E.2d at 124. An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

Ballew admits that she violated several conditions of her probation. She challenges only the trial court's decision to revoke her probation and order her to execute four years of her previously suspended sentence. The trial court found that Ballew had violated at least five of the conditions of her probation. Indeed, Ballew was on probation for a drug-related offense, and several of her violations involved drugs and/or her refusal to participate in drug rehabilitation efforts. Her violations are evidence of her apparent determination to proceed down a self-destructive path. Despite her insistence on appeal that she has since made great

4

efforts to improve her life, the record supports the trial court's conclusion that incarceration, rather than the home detention she now urges, is the best option. In short, Ballew's behavior indicates that she requires the constant supervision that incarceration provides. Accordingly, we cannot say that the trial court's decision to revoke Ballew's probation and order her to execute some of her previously suspended sentence is clearly against the logic and effect of the facts and circumstances before the court. The trial court did not abuse its discretion.

Affirmed.

BARNES, J., and PYLE, J., concur.