**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Dec 31 2014, 10:42 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK SMALL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JESSE R. DRUM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ALEXANDER ADRIAN RANKIN, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )  No. 54A01-1406-CR-267 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE MONTGOMERY SUPERIOR COURT
The Honorable Peggy Q. Lohorn, Judge
Cause Nos. 54D02-1309-FB-3339 & 54D02-1103-FB-484

**December 31, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Alexander Adrian Rankin agreed to plead guilty to Class B felony burglary,[1] and he admitted he violated probation by committing that burglary. He asserts the court abused its discretion in ordering him to serve his suspended sentence for the probation violation and abused its discretion by imposing a fourteen-year sentence for his new Class B felony conviction. We affirm.

### FACTS AND PROCEDURAL HISTORY

In August 2009, Rankin and another man approached two people with the intent to obtain money. They beat one victim, and they struck and stole a purse from the other. The State charged Rankin under Cause Number 54D02-1103-FB-484 ("Cause Number 484") with Class B felony conspiracy to commit robbery,[2] Class B felony robbery,[3] and Class B felony attempted robbery.[4] Rankin pled guilty to robbery and conspiracy to commit robbery, the State dismissed the attempted robbery charge, and the court pronounced a ten-year sentence, with four years suspended to probation.

In the fall of 2013, while on probation for those crimes, Rankin and a second man entered an apartment and took items. The State charged Rankin, under Cause Number 54D02-1309-FB-3339 ("Cause Number 3339"), with Class B felony burglary, Class B felony conspiracy to commit burglary,[5] and Class B felony theft.[6] The State also filed a petition to revoke Rankin's probation under Cause Number 484.

---

[1] Ind. Code § 35-43-2-1 (burglary).
[2] Ind. Code §§ 35-42-5-1 (robbery); 35-41-5-2 (conspiracy).
[3] Ind. Code § 35-42-5-1 (robbery).
[4] Ind. Code §§ 35-42-5-1 (robbery); 35-41-5-1 (attempt).
[5] Ind. Code §§ 35-43-2-1 (burglary); 35-41-5-2 (conspiracy).
[6] Ind. Code § 35-43-4-2.

Rankin again entered a plea agreement.  He admitted the probation violation in Cause Number 484 and pled guilty to Class B felony burglary under Cause Number 3339.  The court outlined aggravating and mitigating factors:

> The Court finds as an aggravating factor that the defendant was on probation at the time of this offense.  The Court further finds as aggravating factors that the defendant has the following prior juvenile adjudications: (2009) delinquency by reason of various counts of burglaries and thefts and (2010) delinquency by reason of Conversion, class A Misdemeanor; and also has criminal convictions for: (2010) two (2) counts of Robbery, class B Felonies.  The Court also finds as an aggravating factor that the Indiana Risk Assessment System score puts defendant in the high risk category to reoffend.  The Court finds as mitigating factors that the defendant has entered into a plea agreement which benefits the State from incurring the costs of trial and that he has expressed interest in obtaining treatment for drug and anger issues.

(App. at 5.)  For the new felony conviction under Cause Number 3339, the court imposed a fourteen-year sentence, with three years to be served in a direct commitment to community corrections.  The court also revoked Rankin's probation under Cause Number 484 and ordered him to serve the four years that remained on his suspended sentence.

## DISCUSSION AND DECISION

### 1.  New Felony Sentence

Rankin argues his fourteen-year sentence for Class B felony robbery was an abuse of discretion.[7]  Sentencing decisions rest within the sound discretion of the trial court and will be disturbed only on a showing of abuse of discretion.  *Anderson v. State*, 989 N.E.2d 823, 826 (Ind. Ct. App. 2013), *trans. denied.*  An abuse of discretion occurs when the decision is

---

[7] "A person who commits a Class B felony shall be imprisoned for a fixed term of between six (6) and twenty (20) years, with the advisory sentence being ten (10) years."  Ind. Code § 35-50-2-5.

clearly against the logic and effect of the evidence before the court or the reasonable inferences to be drawn therefrom. *Id*.

Rankin takes issue with the trial court's assessment of factors that he believes should have mitigated his sentence. A trial court is not required to accept a defendant's argument as to what is a mitigating factor or to provide mitigating factors the weight asserted by a defendant. *Conley v. State*, 972 N.E.2d 864, 873 (Ind. 2012), *reh'g denied*. It is not error to decline to find a mitigating factor that is "highly disputable in nature, weight, or significance." *Healey v. State*, 969 N.E.2d 607, 616 (Ind. Ct. App. 2012) (citation omitted), *trans. denied*. Nor is a trial court required to explain why it did not find a factor significantly mitigating. *Chambliss v. State*, 746 N.E.2d 73, 78 (Ind. 2001). A trial court's consideration of factors may be evidenced either in the written order or in an oral sentencing statement. *Gleason v. State*, 965 N.E.2d 702, 710 (Ind. Ct. App. 2012).

Rankin claims the trial court should have found a mitigator in his "mental health problems." (Appellant's Br. at 9.) To assert the trial court did not recognize a mitigating factor, an appellant has the burden of showing the alleged factor was offered to the trial court and is "both significant and clearly supported by the record." *Anglemyer v. State*, 868 N.E.2d 482, 493 (Ind. 2007), *modified on other grounds on reh'g* 875 N.E.2d 218 (Ind. 2007). The sentencing transcript does not indicate Rankin's counsel argued the court should consider his mental health a mitigator. Accordingly, we cannot hold the trial court erred by declining to find a mitigator that was not "advanced for consideration" by Rankin at sentencing.[8] *Id*. at

---

[8] We note that, while Rankin's counsel did not advance for consideration Rankin's mental health problems,

491.

Rankin also asserts the court "should have given greater weight to Rankin's plea of guilty to the charges under 3339 and his mental health problems." (Appellant's Br. at 6.) However, after *Anglemyer*, we no longer review the trial court's weighing and balancing of aggravators and mitigators. *See Anglemyer*, 868 N.E.2d. at 491 ("Because the trial court no longer has any obligation to 'weigh' aggravating and mitigating factors against each other when imposing a sentence . . . a trial court can not now be said to have abused its discretion in failing to 'properly weigh' such factors."). Thus, we cannot reverse on this basis.

2.   Probation Revocation

Rankin argues the court abused its discretion by ordering him to serve all of the time remaining on his previously suspended sentence. If a person on probation commits another crime, the court may revoke probation. Ind. Code § 35-38-2-1(b). After revoking probation, the trial court may order executed all or part of a sentence that was suspended at initial sentencing. *Alford v. State*, 965 N.E.2d 133, 135 (Ind. Ct. App. 2012); *see also* Ind. Code. § 35-38-2-3(h)(3).

As our Indiana Supreme Court explained:

Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants.

---

counsel did request the court consider Rankin's strong desire to obtain treatment for substance abuse and anger issues while he is incarcerated, and the court did, in fact, find a mitigator in Rankin's intention to engage in such services.

5

*Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Accordingly, we review the sanction imposed for a probation violation only for an abuse of discretion, which occurs "where the decision is clearly against the logic and effect of the facts and circumstances." *Id*.

Rankin asserts the court "should have given greater weight to Rankin's admission of violation," (Appellant's Br. at 8), because "Rankin saved the Court and the community time and effort by admission." (*Id*.) However, as Rankin notes, "trial courts are not required to balance aggravating or mitigating circumstances when imposing sentence in a probation revocation proceeding." *Treece v. State*, 10 N.E.3d 52, 59 (Ind. Ct. App. 2014), *trans. denied*. In light of Rankin's commission of burglary while on probation following incarceration for robbery, we see no abuse of discretion in the court's decision to revoke all the suspended time that remained on Rankin's robbery sentence.

## CONCLUSION

We hold the court did not abuse its discretion in ordering Rankin to serve all of his suspended sentence for his probation violation, nor did it abuse its discretion when imposing a fourteen-year sentence for Class B felony burglary. Accordingly we affirm.

Affirmed.

BARNES, J., and PYLE, J., concur.