## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
May 12 2015, 10:32 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Lawrence D. Newman
Newman & Newman, P.C.
Noblesville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tracy Souviner,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 12, 2015

Court of Appeals Case No.
29A04-1409-CR-461

Appeal from the Hamilton County Superior Court; The Honorable Valorie S. Hahn, Judge Pro Tempore;
29D01-1307-FC-5773

**May, Judge.**

[1] Tracy Lynn Souviner appeals the trial court's order that she return to incarceration following the revocation of her probation.

[2] We affirm.

## Facts and Procedural History

[3] In October 2013, Souviner pled guilty to Class C felony forgery.[1] The court imposed a four-year sentence, ordered credit for the time she had already served, and suspended the remainder of her sentence. The court placed Souviner on probation for two years. In addition to all standard conditions of probation Souviner was required to complete a substance abuse evaluation and comply with any treatment recommended based thereon.

[4] On December 18, 2013, State filed a notice of probation violation alleging Souviner had violated probation on December 5, 2013, by submitting a urine sample that tested positive for a cocaine metabolite and by being dishonest with her probation officer about her use of illegal drugs. In May 2014, Souviner failed to appear for the fact-finding hearing regarding her alleged probation violation, so the court issued a warrant for her arrest.

[5] On July 15, the State filed a second notice of probation violation which alleged that, on February 28, 2014, Souviner again was dishonest with her probation officer about her use of illegal drugs and submitted a urine sample that tested

---

[1] Ind. Code § 35-43-4-2(b)(1) (2009).

positive for a cocaine metabolite and for opiates. In addition, the notice alleged Souvenir had failed to enroll in intensive outpatient counseling as required following her substance abuse evaluation and she had admitted to her probation officer that she consumed "6 or 7 beers" on July 4, 2014. (App. at 39.)

[6] On August 28, 2014, Souviner appeared before the court and admitted the alleged violations of probation. On September 11, 2014, the court found, based on Souviner's stipulation, that she is a "*chemically addicted offender*." (*Id*. at 46 (emphasis in original).) The court revoked probation, ordered Souviner incarcerated in the Department of Correction's Purposeful Incarceration program, and noted it would "*consider a sentence modification* should the Defendant successfully complete an Indiana Department of Correction *Therapeutic Community*." (*Id*. (emphases in original).)

# Discussion and Decision

[7] As our Indiana Supreme Court explained:

> Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants.

*Prewitt v. State,* 878 N.E.2d 184, 188 (Ind. 2007) (citations omitted).

Accordingly, we review the sanction imposed for a probation violation only for an abuse of discretion, which occurs "where the decision is clearly against the logic and effect of the facts and circumstances." *Id.*

[8] Souviner admitted violating probation, and "proof of a single violation of the conditions of probation is sufficient to support the decision to revoke probation." *Bussberg v. State*, 827 N.E.2d 37, 44 (Ind. Ct. App. 2005), *trans. denied*. After finding a defendant violated probation, the trial court may continue the person on probation, extend the probation, or order executed all or part of a sentence that was suspended at initial sentencing. *Alford v. State*, 965 N.E.2d 133, 135 (Ind. Ct. App. 2012), *trans. denied*.

[9] Souviner argues the court abused its discretion in ordering incarceration because she "had been approved for placement in the Hamilton County Community Corrections work release and electronic monitoring programs, but was not given the opportunity to complete that programming." (Br. of Appellant at 10.) She alleges the court denied her the opportunity to "serve a portion of her sentence through community corrections only due to the fact that she was pregnant." (*Id.* at 12.) In support of that allegation, Souviner notes, at the disposition hearing, the court said she was inappropriate for work release due to her "condition." (*Id.*, citing Tr. at 25.)

[10] What the court said was:

> The Court has reviewed the file and after hearing the arguments of the State and reviewing the evidence that has been submitted, the Court is going to find that at this time the Defendant's Probation should be

revoked and that the Defendant should be ordered to serve the remainder of the balance of her term at the Indiana Department of Correction under the Purposeful Incarceration in order that, Ma'am, you may be able to get the help that you are going to need. I feel that Electronic Home Monitoring is not going to be a good option being that you have not participated in any counseling or drug treatment while you were on Probation. You did not . . . make your appointments for Probation. I think everyone agrees that Work Release is not a viable option given your condition at this time. The Court will include the language in the Court Order that you are to be in-house in the Purposeful Incarceration and that you will be eligible for a modification at the end of successfully completing the program.

(Tr. at 24-25.)

[11]    In light of the discussion the court was having regarding Souviner's need for counseling and the Purposeful Incarceration program, it seems more likely the "condition" to which the court was referring was Souviner's admitted status as a "*chemically addicted offender*." (App. at 46 (emphasis in original).) This inference is also supported by the court's statement, and inclusion in its revocation order, that sentence modification could be requested when Souviner successfully completed a therapeutic community while incarcerated. In light of Souviner's multiple probation violations and her unwillingness to complete treatment while on probation, the court was well within its discretion to order her to be incarcerated while completing a drug treatment program. *See Prewitt*, 878 N.E.2d at 188 (finding no abuse of discretion in court's order for defendant to be incarcerated and receive treatment, given probation violations, criminal history, and unwillingness to complete halfway house program). Accordingly, we affirm.

Affirmed.

Robb, J., and Mathias, J., concur.