# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 30 2015, 7:42 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Laura Raiman
Alcorn Goering & Sage, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael A. Powers, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 30, 2015 <br><br> Court of Appeals Case No. 03A01-1410-CR-450 <br><br> Appeal from the Bartholomew Superior Court <br><br> The Honorable James D. Worton, Judge <br><br> Cause Nos. 03D01-1309-FB-4921, 03D01-1309-FD-5043, and 03D01-1310-FB-5587 |

**Najam, Judge.**

# Statement of the Case

[1] In this consolidated appeal, Michael Powers appeals his sentence following his conviction for dealing in methamphetamine, as a Class B felony, in Cause No. 03D01-1310-FB-5587 ("FB-5587"), and the revocation of his probation in Cause No. 03D01-1309-FB-4921 ("FB-4921). Powers presents two issues for our review:

> 1. Whether his sentence in FB-5587 is inappropriate in light of the nature of the offense and his character.
>
> 2. Whether the trial court abused its discretion when it ordered him to serve the balance of his suspended sentence after revoking his probation in FB-4921.

[2] We affirm.

# Facts and Procedural History

[3] On October 12, 2009, in FB-4921, the State charged Powers with distribution of methamphetamine, as a Class B felony, and possession of chemical reagents or precursors with intent to manufacture a controlled substance, as a Class D felony. On August 3, 2010, Powers pleaded guilty to distribution of methamphetamine, as a Class B felony. The trial court sentenced Powers to twelve years in the Indiana Department of Correction. The court suspended Powers' sentence in FB-4921 to the Bartholomew County Forensic Diversion Program, with five years' probation.

[4] On September 5, 2013, the State filed a petition to revoke probation alleging Powers had violated probation by committing additional offenses. In particular, on September 17, in Cause No. 03D01-1309-FD-5043 ("FD-5043"), the State charged Powers with possession of methamphetamine, as a Class D felony, and possession of chemical reagents or precursors with intent to manufacture a controlled substance, as a Class D felony. In addition, on October 16, in FB-5587, the State charged Powers with two counts of distributing methamphetamine. Powers pleaded guilty to one count of distribution of methamphetamine in FB-5587, and Powers pleaded guilty to the violation of his probation in FB-4921.

[5] In FB-5587, the trial court sentenced Powers to sixteen years for distributing methamphetamine, as a Class B felony. And the State revoked Powers' probation and reinstated the suspended twelve year sentence in FB-4921. The trial court ordered that the sentences in both causes be served consecutively. This appeal ensued.

## Discussion and Decision

### *Issue One: Inappropriate Sentence*

[6] Powers first contends that his sentence in FB-5587 is inappropriate in light of the nature of the offense and his character. The trial court imposed a sixteen-year sentence. The sentencing range for a Class B felony is six years to twenty years, with the advisory sentence being ten years. Ind. Code § 35-50-2-5.

[7] Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). *Id.* Revision of a sentence under Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offenses and his character. *See* App. R. 7(B); *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." *Roush*, 875 N.E.2d at 812 (alteration original).

[8] Our supreme court has stated that "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented. *See id.* at 1224. The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the

culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224.

[9] Powers first contends that his sentence is inappropriate in light of the nature of the offense. While we agree with Powers that there is nothing particularly aggravating about the nature of his offense, that is not conclusive to our analysis. Rather, we consider both the nature of the offense and the defendant's character. App. R. 7(B).

[10] Powers also contends that his sentence is inappropriate in light of his character. Powers acknowledges that he violated his probation when he distributed methamphetamine in July 2013. But Powers contends that most of his criminal history is relatively minor given that his history consists of offenses that are unrelated to the distribution of methamphetamine. Powers further contends that his criminal history is not aggravating because his previous offenses were committed more than ten years prior.

[11] We are not persuaded. Powers committed the offense in FB-5587 while on probation, which is a substantial consideration in the assessment of his character. *Rich v. State*, 890 N.E.2d 44, 54 (Ind. Ct. App. 2008) (citing *Ryle v. State*, 842 N.E.2d 320, 325 n. 5 (Ind. 2005)). Further, Powers has a long history of substance abuse, and he admitted to having used methamphetamine and cocaine on the day of his arrest in FB-4921. Powers was also found to be at a very high risk to reoffend under the Indiana Risk Assessment System. We

cannot say that Powers' sixteen-year sentence is inappropriate in light of the nature of the offense and his character.

### Issue Two: Abuse of Discretion in Imposing Sentence

[12] Powers also contends that the trial court abused its discretion when it reinstated the balance of his twelve-year suspended sentence after revoking his probation. Probation revocation is a two-step process. *Alford v. State*, 965 N.E.2d 133, 134 (Ind. Ct. App. 2012). First the court must determine whether a violation of a condition of probation has occurred. *Id.* Upon determining that a violation of a condition of probation has occurred, a trial court may impose one or more of the following sanctions:

> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
>
> (2) Extend the persons probationary period for not more than one year beyond the original probationary period.
>
> (3) Order execution on all or part of the sentence that was suspended at the time of initial sentencing.

Ind. Code § 35-38-2-3(g). We review a trial court's sentencing decisions for probation violations for an abuse of discretion. *Alford*, 965 N.E.2d at 135. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[13] Powers contends that the evidence supports a lesser sanction for his probation violation. In particular, Powers references his completion of the Bartholomew

County jail additions program, his family and community support, and his "candid" confession to his probation violation. Appellant's Br. 9. But Powers ignores the evidence that he was given leniency after his first conviction for distribution of methamphetamine but then violated his probation by again distributing methamphetamine. We hold that the trial court did not abuse its discretion when it reinstated Powers' twelve-year suspended sentence.

[14] Affirmed.

Baker, J., and Friedlander, J., concur.