## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeremy McCool, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | January 12, 2016 <br><br> Court of Appeals Case No. <br> 15A01-1505-CR-336 <br><br> Appeal from the <br> Dearborn Superior Court <br><br> The Honorable <br> Sally A. McLaughlin, Judge <br><br> Trial Court Cause No. <br> 15D02-1008-FD-172 |

**Kirsch, Judge.**

[1] Jeremy McCool appeals following the revocation of his probation, contending that the trial court abused its discretion when it imposed his previously suspended 180-day sentence.

[2] We affirm.

## Facts and Procedural History

[3] McCool pleaded guilty pursuant to a negotiated plea agreement, under Cause Number 15D02-1008-FD-172 ("the instant action"), to having committed one count of Class A misdemeanor intimidation[1] and one count of Class B misdemeanor harassment on July 17, 2010. The trial court accepted his guilty plea and, on February 3, 2011, sentenced him to a term of 365 days and 180 days, respectively, suspended to probation. The trial court ordered the suspended sentences to run concurrent with each other, for an aggregate term of 365 days, but consecutive to his suspended sentence for a 2009 Class B felony conviction in another county. "McCool's probation term wasn't due to end until February 25, 2027." *Appellant's Br*. at 2.

[4] The conditions of probation for the instant action prohibited McCool from committing a new criminal offense and from possessing or using lethal weapons that could be used in the commission of a crime. *Appellant's App.* at 28, 33. "On March 3, 2015, [McCool] was found guilty of Possession of a Firearm after

---

[1] McCool was initially charged with intimidation as a Class D felony, but negotiated that count down to a Class A misdemeanor. *Appellant's App.* at 9

Having Been Barred from Possession of a Firearm, a Level 4 Felony[,] under 15C01-1411-F4-59 [("Cause 59")]."[2] *Id.* at 38. On March 10, 2015, the State filed a Request for Probation Violation Hearing, contending that his conviction under Cause 59 was a violation of his probation under the instant action. *Id.*

[5] On March 24, 2015, the probation revocation court ("probation court") conducted a fact-finding hearing. During that hearing, the State introduced an exhibit pertaining to McCool's conviction under Cause 59, which consisted of a "certified copy, Judgment of Conviction, and jury entry for March 2nd and 3rd along with a signed guilty verdict form, the unsigned not guilty form, Warrant, Charging Information, [and] Probable Cause Affidavit[.]" *Tr.* at 9. At the State's request, the probation court took judicial notice of the Cause 59 proceedings, sentencing order, and judgment of conviction. *Id.* at 10. Based on this evidence, the probation court found by a preponderance of the evidence that McCool had violated the terms of his probation.

[6] About two weeks later, the probation court, noting the prior criminal history set forth in McCool's presentence investigation report ("PSI"), sentenced him to serve 180 days of his previously-suspended with no credit time.[3] The probation

---

[2] In Cause 59, McCool was sentenced to the maximum term of twelve years for the Level 4 conviction and appealed. On appeal, McCool did not appeal his conviction, but only his sentence. A panel of this court affirmed McCool's sentence, finding that the trial court did not abuse its discretion in entering the sentence and that the sentence was not inappropriate in light of the nature of the offense and the character of the offender. *McCool v. State*, No.15A05-1505-CR-331 (Ind. Ct. App. Dec. 8, 2015).

[3] The State filed to revoke McCool's suspended sentence on both the harassment and intimidation convictions. The probation court found "there was a probation violation." *Tr.* at 11. In the Order Granting Petition to Revoke Probation, the probation court referenced only the 180-day suspended sentence for the

court ordered the sentence to run consecutive to McCool's executed sentence in Cause 59 and stated that McCool's "probation will be terminated upon completion of sentence." *Id*. at 13. McCool now appeals.

## Discussion and Decision

[7] Probation is a matter of grace left to the trial court's discretion, not a right to which a defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke probation if the conditions are violated. *Id*. (citing Ind. Code. § 35-38-2-3). A probation revocation hearing is in the nature of a civil proceeding, accordingly, an alleged violation of probation only has to be proven by a preponderance of the evidence. *Cain v. State*, 30 N.E.3d 728, 732 (Ind. Ct. App. 2015), *trans. denied*.

[8] Probation revocation is a two-step process. *Alford v. State*, 965 N.E.2d 133, 134 (Ind. App. 2012), *trans. denied*. First, the trial court must make a factual determination that a violation of a condition of probation has occurred. *Id*. Second, the trial court must determine whether the violation warrants revocation. *Id*. at 135. Upon the revocation of probation, a trial court may impose one or more of the following sanctions: (1) continue the person on probation, with or without modifying or enlarging the conditions; (2) extend the

Class B misdemeanor harassment conviction. *Appellant's App.* at 46. The record before us makes no specific reference to the resolution of the 365-day suspended sentence imposed for the Class A misdemeanor intimidation conviction.

person's probationary period for not more than one year beyond the original probationary period; (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. *Id.*; I.C. § 35-38-2-3(h). We review a trial court's sentencing decisions on probation violations for an abuse of discretion. *Alford*, 965 N.E.2d at 135. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[9] McCool's sole argument on appeal is that the trial court abused its discretion when it revoked his entire 180-day suspended sentence. *Appellant's Br.* at 3. McCool cites to his mental health and lack of education, which he claims are not of his own making, and argues that the trial court should have taken these factors into consideration to fashion the appropriate remedy. *Id.* at 6. McCool also contends that he is "already paying a hefty price for his illegal act [of possessing a firearm], which harmed no one." *Id.* We disagree.

[10] While McCool is, indeed, serving a twelve-year executed sentence for his firearm conviction under Cause 59, he has never served a day in jail in connection with his convictions for Class A misdemeanor intimidation and Class B misdemeanor harassment under the instant action—crimes that he committed against two separate victims. Instead, the trial court granted McCool the grace of an aggregate 365-day sentence suspended to probation for his conviction under the instant action. McCool's probation was revoked only after he was convicted of the firearm offense under Cause 59, which was a new criminal offense. During sentencing for the probation violation, the probation court took judicial notice of McCool's "prior criminal history that is addressed

in the [PSI] from [Cause 59]," a history that included juvenile delinquency adjudications, and convictions for a Class B felony as well as numerous Class A and Class B misdemeanors. *Appellant's App.* at 66-69. A sentence of 180 days executed is not clearly against the logic and effect of the facts and circumstances. The trial court did not abuse its discretion when it sentenced McCool to 180 days executed, after finding that he violated the terms of his probation by committing a new criminal offense.

Affirmed.

MATHIAS, J., and BROWN, J., concur.